AO 243 (Rev. 09/17)

**18CV8218**

RECEIVED
DOCKET UNIT
2019 SEP -5 AM 11:01

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Southern District of New York |
|---|---|---|
| Name (under which you were convicted): Louis Daidone | | Docket or Case No.: S2 02 CR 1584 |
| Place of Confinement: U.S.P. Allenwood | | Prisoner No.: 39065-053 |
| UNITED STATES OF AMERICA V. | | Movant (include name under which convicted) LOUIS DAIDONE |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   Southern District of New York
   500 Pearl Street
   New York, New York 10007

   (b) Criminal docket or case number (if you know): S2 02 Cr 1584

2. (a) Date of the judgment of conviction (if you know): January 23, 2004

   (b) Date of sentencing: June 29, 2004

3. Length of sentence: Life without parole

4. Nature of crime (all counts):

   18 USC 1962(c) RICO
   18 USC 1962(d) Conspiracy to committ RICO
   18 USC 1512(a)(1)(a)(A), and (2) Witness Tampering
   18 USC 892 Conspiracy to make extortionate extensions of credit
   18 USC 894 Conspiracy to collect extensions of credit by extortionate means

5. (a) What was your plea? (Check one)
   (1) Not guilty [X]   (2) Guilty [ ]   (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [X]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [X]

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes ☐ No ☒

9. If you did appeal, answer the following:
   (a) Name of court: __United States Court of Appeals__
   (b) Docket or case number (if you know): __04-3784 CR__
   (c) Result: __Denied__
   (d) Date of result (if you know): __December 15, 2006__
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:




   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒
   If "Yes," answer the following:
   (1) Docket or case number (if you know): _____
   (2) Result: _____

   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____
   (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

    (4) Nature of the proceeding: _____
    (5) Grounds raised:




    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐
    (7) Result: _____
    (8) Date of result (if you know): _____
(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: _____
    (2) Docket of case number (if you know): _____
    (3) Date of filing (if you know): _____
    (4) Nature of the proceeding: _____
    (5) Grounds raised:




    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐
    (7) Result: _____
    (8) Date of result (if you know): _____
(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:    Yes ☐    No ☐
    (2) Second petition:    Yes ☐    No ☐
(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A government witness by the name of Frank Gioia testified against me claiming I made an admission to him. The subsequent facts indicated that Gioia testified at prior government proceedings and his testimoney was withheld from my lawyers and from me. He also testified at a hearing that he was interviewed by Assistant United States attorneys, agents of the FBI and the government failed to turn over any 302's or information as to these interviews In addition it is alleged that while on the witness protection program Frank Gioia was engaged in criminal activities. This information was forwarded to my attorney by on Robert Anglen, a reporter with the Arizona New Republic. Gioia testified that he had testified in other trials and spoke to FBI agents and Assistant United States Attorneys on approximately 150 times. It is the petitioner's submission that the government was obligated to turn this evidence over to the defense but failed to do so thus given rise to these proceedings. Please see Exhibit A, Trial minutes pgs 668-669 and 670

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Kindly see rider

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

Rider to Petition

Page 5

Question (b) (2)

It is my respectful submission the government was duty bound to turn over any and all 302's in their possession, in addition the reporter Robert Anglen told my attorney this year that Frank Gioia who testified on behalf of the government had committed crime while on the witness protection program. This vital information was withheld by the government and was extremely important and in my opinion would have resulted in the destruction of Gioia's agreement and would have affected the outcome of my trial. This was newly discovered evidence which did not come into our possession until March of 201.

AO 243 (Rev. 09/17)

    (4)  Did you appeal from the denial of your motion, petition, or application?
           Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
           Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:
    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):
    Date of the court's decision:
    Result (attach a copy of the court's opinion or order, if available):

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

It is my respectful submission that the withholding by the government of this information was misconduct and thus I am not bound by the ten year rule

    (b)  **Direct Appeal of Ground Two:**
        (1)  If you appealed from the judgment of conviction, did you raise this issue?
           Yes ☐     No ☐

AO 243 (Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☐
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☐
    (2) If you answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:
    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☐
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐
    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

AO 243 (Rev. 09/17)

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** _____

  (a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

  (b)  **Direct Appeal of Ground Four:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☐    No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

  (c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ☐    No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   None

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☒

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:

   (b) At the arraignment and plea: Anthony V. Lombardino, Esq.
   101-05 Lefferts Boulevard
   Richmond Hill, New York 11419

   (c) At the trial: Anthony V. Lombardino, Esq. 101-05 Lefferts Boulevard
   Christopher Chang, Esq., 140 Broadway, Richmond Hill, NY 11419
   New York 10005

   (d) At sentencing: Anthony V. Lombardino, Esq.
   101-05 Lefferts Boulevard
   Richmond Hill, New York 11419

   (e) On appeal: John Mitchell, Esq.
   PO Box 183
   Bedford, New York 10506

   (f) In any post-conviction proceeding:

   (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐     No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐     No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:
   (c) Give the length of the other sentence:
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐     No ☐

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1)   the date on which the judgment of conviction became final;
    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
(month, date, year)

Executed (signed) on _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

# EXHIBIT A

1  Q.  Also, saving your neck from a life sentence was also, at
2  least, a little consideration, Mr. Gioia?
3  A.  Sure.
4  Q.  Okay.  And as I asked you before, you realized that this
5  could come to fruition, that you might find yourself being on
6  trial with these other informants testifying against you?
7  A.  Repeat the question?
8  Q.  You knew that it was a distinct possibility that these
9  so-called informants that you have told us about could be
10 sitting where you're sitting and testifying against you, and
11 you didn't want that to happen, correct?
12 A.  It's possible.  I don't want to be in Louie's position
13 right now.
14 Q.  You don't want to be in Louie's position right now?
15 A.  No.
16 Q.  And would you agree with me that that's quite obvious by
17 virtue of the things you did?  Just yes or no.
18          MR. METZNER:  Objection.
19          THE COURT:  I'm not sure I understand your question.
20 A.  I don't understand either.
21 Q.  I'll withdraw it.
22          Now, I asked you yesterday approximately how many
23 times, when you say that you sat down with the prosecutors and
24 the FBI agents, relative to things you have told them.  Do you
25 remember me asking you that question yesterday?

A. I think I did, yeah.
Q. Could you tell us approximately back in 1997 or '98 how many times you spoke to them then?
    THE COURT: '97 and '98?
    MR. LOMBARDINO: Yes, your Honor.
A. Which one's you talking about?
Q. The times that you sat down with the agents and prosecutors, all of them. How many times?
    THE COURT: He means any agent and any prosecutor.
Q. Any agents, any prosecutors.
A. I sat down with over 100 agents, and I guess it's safe to say over 20 or 30 AUSA's, during the time of my debriefings.
Q. Would it be fair to say that you had a total of over 150 meetings back in 1997 with prosecutors and/or agents?
    THE COURT: In that one year?
    MR. LOMBARDINO: Up until 1997. I'm sorry.
Q. From 1995 till 1997, would it be fair to say that you had approximately 150 meetings?
A. I can't put an exact number on it because I wasn't counting. But it was a lot of meetings.
Q. And after 1997 and after a lot of these meetings, you still continued, did you not, Mr. Gioia, to meet and speak with prosecutors and agents.
A. Yeah. That's what it says in my agreement.
Q. And you have testified in other cases, have you not?

1  A.  Yeah.

2  Q.  And in those other cases, you told the members of the jury

3  about being inducted into the family, did you not?

4  A.  Lucchese family.

5  Q.  You told them that, didn't you?

6  A.  Yeah.

7  Q.  And you told them about this ceremony, the ritual, and what

8  you did to become a member, correct?

9  A.  Yeah, I think I said that yesterday.

10 Q.  And you told the jury, did you not, about the murders that

11 you committed?

12 A.  Told them about the one murder I was involved with.

13 Q.  You were involved in two murders now, weren't you?  There

14 was the murder that you told us about yesterday -- and I don't

15 want to go into that, where the man begged for his life and you

16 killed him.  Then there was another murder that took place with

17 a murder of Taglianeti, isn't that so?

18 A.  That's correct.

19 Q.  And that was a murder that you were on a team and you told

20 us about this yesterday, that you took turns, 12-hour shifts,

21 correct?

22 A.  That's correct.

23 Q.  And if Mr. Taglianeti appeared on your shift, you were

24 going to kill him?

25 A.  Yeah, I had to.

Louis Daidone #39065-053
United States Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887



USM P3
SDNY

United States District Court

Southern District of New York

Pro Se Intake Unit
United States Courthouse
500 Pearl St. (RM. 200)
New York, New York
10007

Mailed From US Penitentiary
Mailed From US Penitentiary

AUG 29 2018

2019 SEP -5 AM 11:01
RECEIVED
SDNY DOCKET UNIT

LEGAL MAIL