**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                 :
                                          :
                Government,      :    02 Cr 1584 (RMB)
- against -                               :
                                          :    **DECISION & ORDER**
LOUIS DAIDONE,                            :
                                          :
                Defendant.       :
-------------------------------------------------------------x

    This Decision & Order resolves Defendant Louis Daidone's motion for compassionate release, dated October 12, 2021 ("Motion"). For the reasons stated below, the Motion is respectfully denied.[1]

I.   Background

    On January 23, 2004, Daidone, then 58 years old, was convicted of racketeering, in violation of 18 U.S.C. § 1962(c); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); witness tampering by murder, in violation of 18 U.S.C. §§ 1512(a)(1) and 2; and conspiring to make extortionate extensions of credit and to collect extensions of credit by extortionate means, in violation of 18 U.S.C. §§ 892 and 894. (Presentence Investigation Report ("PSR") at 1.) Daidone's offense level was 43; his criminal history category was III; the Sentencing Guidelines range for his racketeering and racketeering conspiracy convictions was life imprisonment; the conviction for witness tampering by murder carried a **statutory minimum sentence** of life imprisonment. (Sentencing Tr. at 7, 9, 13.) On June 29, 2004, the Court sentenced Daidone to three concurrent terms of life imprisonment (for racketeering, racketeering conspiracy, and

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision and Order have been considered by the Court and rejected.**

witness tampering by murder), two concurrent terms of 20 years imprisonment, and five years of supervised release. (Id. at 14-15.)

Daidone's convictions and sentence were affirmed by the Second Circuit on December 15, 2006. See United States v. Daidone, 471 F.3d 371 (2d Cir. 2006). The Court also denied Daidone's habeas petition (brought under 28 U.S.C. § 2255) on August 24, 2009. See Daidone v. United States, 2009 WL 2611943 (S.D.N.Y. Aug. 24, 2009), aff'd, 422 F. App'x 26 (2d Cir. 2011).

Daidone is incarcerated at USP Allenwood in Pennsylvania. He has served 18 years of his sentence. (Def.'s Mot. at 1-2.)

The Motion contends that: **(i)** Daidone's conviction for witness tampering by murder "prevented this Court from considering mitigating factors and imposing an individualized sentence" and has been "impugn[ed]" by Fowler v. United States, 563 U.S. 668 (2011) (see Def.'s Mot. at 3-4); **(ii)** other factors justify Daidone's release, including: his "health and mobility are declining with age"; he has served "a substantial portion" of his life sentence; "the offense conduct is decades old" and targeted "criminal cohorts"; and his "exemplary prison record" and dedication to his family "demonstrate[] thorough rehabilitation" (id. at 6-9); and **(iii)** "any risk of reoffending – or consequent need for ongoing incapacitation – is minimal" (id. at 12).

The Government opposes the Motion. (See Government's Opposition dated December 3, 2021.) The Government also submitted Daidone's BOP medical records, dated November 21, 2019 to October 19, 2021 ("Med. Records").[2] The Government contends that: **(i)** "court

---

[2] The Government has requested that these records be maintained under seal. (See Gov't Opp. at 23 n.4.)

decisions over the intervening years have not changed anything relevant to Daidone's witness tampering conviction, and even if they had, that would not constitute extraordinary and compelling circumstances" (Gov't Opp. at 17); **(ii)** "no other factors rise to the level of extraordinary and compelling reasons" (id. at 20); and **(iii)** "Daidone was a high-ranking member of the Luchese Crime Family, rising as high as Acting Boss. . . . He conducted and participated in . . . the affairs of the Luchese Family by, among other things, murder and loansharking. . . . Compassionate release would not be in the interests of justice." (Id. at 24-25.)

II.  Legal Standard

"Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies." See United States v. Williams-Bethea, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020).

When considering an application under 18 U.S.C. § 3582(c)(1)(A)(i), "a court may reduce a defendant's sentence only if it finds that extraordinary and compelling reasons warrant such a reduction." United States v. Beniquez, 2021 WL 260225, at *2 (S.D.N.Y. Jan. 26, 2021) (internal quotation marks omitted). "The defendant has the burden to show he is entitled to a sentence reduction." United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. Jan. 8, 2020).

The 18 U.S.C. § 3553(a) factors and the danger a defendant poses to the community "override any extraordinary and compelling reasons justifying his release." United States v. Serrano, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020); accord United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021).

The Court looks to § 1B1.13 of the Sentencing Guidelines for "guidance in the exercise of its discretion." United States v. Rodriguez, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). The district court has the discretion "to consider the full slate of extraordinary and

compelling reasons that an imprisoned person might bring." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

III. Findings

1. Daidone has exhausted his administrative remedies. See United States v. Sanchez-Olivo, 2021 WL 1440260, at *1 n.2 (S.D.N.Y. Apr. 16, 2021). The warden of USP Allenwood, in Pennsylvania, denied his compassionate release request on February 23, 2021, stating that Daidone does "not meet the requisite criteria under extraordinary or compelling circumstances." (Def.'s Mot. Ex. A.)

2. Daidone is 75 years of age. His medical records reflect that he has atrial fibrillation, hypertension, osteoarthritis of the knee, sciatica, and spinal stenosis. (See Med. Records at 2, 70, 113.) As of October 19, 2021, Daidone's atrial fibrillation is reported as "well-controlled" by medication and by a pacemaker inserted on March 15, 2021. (See id. at 2, 50.) Daidone's hypertension is "doing well on current medications" and a previous complaint of left knee pain has "resolved." (Id. at 2.) Daidone takes Acetaminophen daily for his sciatica, and, as of March 8, 2021, Daidone's "back pain [ ] has improved with a walker." (Id. at 2-3, 69.)

3. Daidone's Motion does not appear to argue that COVID-19 poses a risk warranting early release. Daidone is vaccinated against COVID-19. He received the first dose of the Moderna vaccine on January 7, 2021 and the second dose on February 4, 2021. (Id. at 155.)

4. As of February 11, 2022, there were 3 active COVID-19 cases at USP Allenwood out of a total inmate population of 633. See COVID-19 Cases, BOP, https://www.bop.gov/coronavirus/ (last visited Feb. 11, 2022).

5. The 18 U.S.C. § 3553(a) factors weigh against Daidone's release.

6. Daidone has not met his burden to identify extraordinary and compelling reasons warranting his early release.

IV. <u>Analysis</u>

<u>The 18 U.S.C. § 3553(a) factors, including the danger Daidone poses to the community, militate against early release</u>

The Court finds that, among other reasons, Daidone remains a danger to the community. His offense level was 43; his criminal history category was III; the Guidelines range for his racketeering and racketeering conspiracy convictions was life imprisonment; and his witness tampering by murder conviction carried a mandatory life sentence. (Sentencing Tr. at 7, 9, 13.) "It was deduced at trial that Daidone, a long-time member of the Luchese Crime Family, conspired to murder, and murdered two individuals . . . ." (PSR at 24.) During one murder, "Daidone tackled [the victim], dragged him back to his accomplices and held him down while [the victim] was stabbed and shot to death." (Id. at 11.) The Government points out that "[b]oth of [Daidone's] murder victims were killed because of suspicion that they were cooperating with, or were about to cooperate with, law enforcement, making those killings particularly heinous." (Gov't Opp. at 24); see also United States v. Datello, 2020 WL 4505678, at *1 (S.D.N.Y. Aug. 4, 2020) (release of "a longtime soldier in the Luchese Crime Family" who had "made efforts to murder an individual who betrayed him and the Family . . . . would not be just punishment . . . would not give sufficient weight to [his] criminal history or his disrespect for the law . . . [and] would fail to protect the public").

Evidence at trial also established that "Daidone was tough when it was time to repay loans" and that "failure to repay a loan resulted in the threat of violence or actual violence." <u>Daidone</u>, 2009 WL 2611943, at *7 n.10. And, it appears Daidone engaged in loansharking while

on supervised release following a conviction for bank robbery conspiracy in 1992. (See PSR at 9, 14.) Courts regularly deny compassionate release to violent offenders and recidivists with long criminal histories. See, e.g., United States v. Bolino, 2020 WL 4749807, at *6 (E.D.N.Y. Aug. 17, 2020), aff'd, 2021 WL 3871262 (2d Cir. Aug. 31, 2021) ("To reduce defendant's sentence would be diminishing his transgressions and undermining the goals of [his] sentence, among them, the need to dispense adequate punishment for defendant's multiple acts throughout his criminal career and to deter others from emulating his behavior.").

Daidone ran a criminal enterprise dedicated to "[p]reserving and augmenting [its] power, territory, and financial profits . . . through murder, intimidation, violence, and threats of physical and economic harm." (PSR at 6.) "The danger posed by a [Crime] Family leader . . . is not that he will personally engage in acts of violence, but that he can command others to do so." United States v. Gotti, 433 F. Supp. 3d 613, 620 (S.D.N.Y. 2020); accord United States v. LoCascio, 2020 WL 12719849, at *5-6 (E.D.N.Y. July 17, 2020).

In sum, Daidone's release would not reflect the seriousness of his offenses, provide just punishment, promote respect for the law, afford adequate deterrence, or protect the public. See 18 U.S.C. § 3553(a).

No Extraordinary and Compelling Circumstances Warrant Early Release

Daidone's claim of a change in the law relating to his witness tampering conviction does not comport with typical extraordinary and compelling circumstance analysis. "Courts in this district and others have held that it would be 'improper' to allow defendants to use Section 3582 as a 'vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition.'" United States v. Minaya, 2020 WL 5512518, at *3 (S.D.N.Y. Sept. 14, 2020) (quoting United States v. Lisi, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020)); see also United States v. Rivernider, 2020 WL 597393, at *4 (D. Conn. Feb. 7, 2020).

In any event, Daidone's witness tampering conviction accounts for only one of his three life sentences. The life sentences for racketeering and racketeering conspiracy were based upon the record, including among other things, that Daidone planned and participated in two brutal murders and conducted a long-running loansharking operation. (See Sentencing Tr. at 10, 13; PSR at 2-4.) The advisory Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors support life imprisonment quite apart from the mandatory life sentence for witness tampering. See United States v. Fuller, 2020 WL 5849442, at *3 (S.D.N.Y. Oct. 1, 2020) ("[A]ssuming for the sake of argument that the change in the law presents an extraordinary and compelling reason . . . the § 3553(a) factors would have led me to impose life . . . anyway, and lead me to deny the motion now.").

Nor do Daidone's medical conditions rise to the level of extraordinary and compelling circumstances warranting his release. See Findings, supra § III; see also Gotti, 433 F. Supp. 3d at 617; LoCascio, 2020 WL 12719849, at *2; United States v. Saleh, 2020 WL 3839626, at *3-4 (S.D.N.Y. July 8, 2020). Daidone's age, time served, and the fact that his offense conduct may have occurred years ago and targeted "criminal cohorts," also fail to justify his release. See LoCascio, 2020 WL 12719849, at *5-6 (denying release to 87-year-old former second-in-command of organized crime family convicted of murder and racketeering in 1992).

The Court acknowledges and commends Daidone's participation in academic and self-improvement classes while in prison, along with his expected disciplinary record and his laudatory efforts to remain involved in the lives of his wife, children, and grandchildren. (See Def.'s Mot. Exs. B-E.) These steps are encouraging but do not constitute an extraordinary and compelling case warranting early release. See Brooker, 976 F.3d at 238.

V. <u>Conclusion and Order</u>

For the foregoing reasons, Daidone's Motion for compassionate release (ECF No. 83) is respectfully denied. The Government's request to file Daidone's BOP medical records under seal is granted.

Dated: New York, New York
February 11, 2022

_____
**RICHARD M. BERMAN, U.S.D.J.**